United States District Court
Southern District of Texas
**ENTERED**
August 11, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

CALVIN LEWIS, TDCJ #1185552, §
　§
　　　　Plaintiff, §
　§
v. § CIVIL ACTION NO. H-17-0640
　§
CHARLES H. LANDIS, et al., §
　§
　　　　Defendants. §

## MEMORANDUM OPINION AND ORDER

State inmate Calvin Lewis (TDCJ #1185552) has filed a Prisoner Civil Rights Complaint under 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 1) alleging that he was improperly subjected to disciplinary measures by the defendants (Assistant Warden Charles H. Landis, Captain Kevin B. Smith, Sergeant Carlisietta Werner, and Major Timothy M. Preischel) in violation of his right to due process. Pending before the court are plaintiff's Motion for Appointment of Counsel (Docket Entry No. 15) and Petitioner's Objection to the Following Defendants' Original Answer ("Plaintiff's Objection") (Docket Entry No. 16). Also pending are Defendants' Motion to Strike Plaintiff's Objection to Defendants' Answer ("Defendants' Motion to Strike") (Docket Entry No. 18) and Defendants' Motion for Judgment on the Pleadings ("Defendants' Motion for Judgment") (Docket Entry No. 19). Lewis has not filed a response to either Motion filed by the defendants and his time to do so has expired. After considering all of the pleadings and the

applicable law, the court will grant Defendants' Motion for Judgment on the Pleadings and will dismiss this action for the reasons explained below.

## I. Background

Lewis is currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ") at the Ellis Unit in Huntsville.[1] All of the defendants are employed by TDCJ as correctional officers or officials at the Ellis Unit facility.[2]

On November 7, 2016, there was a routine "shakedown" at the Ellis Unit.[3] During that shakedown Sergeant Werner confiscated several "composition notebooks" that included "business plans" and "legal research" that were part of an assignment Lewis was working on in connection with a "commercial business law" course that he was taking through Lee College.[4] Werner determined that the items pertained to the Uniform Commercial Code ("UCC") and issued disciplinary charges against Lewis for possessing "dangerous material that threaten[ed] the security of [the] Institution."[5]

---

[1] Complaint, Docket Entry No. 1, p. 3.

[2] Id.

[3] Plaintiff's More Definite Statement, Docket Entry No. 9, p. 1.

[4] Id. at 4, 6.

[5] Id. at 1, 6.

At a disciplinary hearing before Captain Smith on November 9, 2016, Lewis admitted possessing the confiscated items, which he obtained from books that were in the prison law library.[6] Captain Smith found Lewis guilty of possessing dangerous materials that threatened institutional security and, as a result, Lewis was restricted to his cell without commissary or recreation privileges for 45 days.[7] Lewis was also reduced in classification status from S2 to S4.[8] As a result of his reduced classification, Lewis claims that Major Preischel removed him from the Trustee Camp and assigned him to a "field squad."[9]

Lewis filed grievances to challenge the disciplinary conviction, explaining that the confiscated materials were for a college class in business commerce and were not dangerous or a threat to the institution.[10] Lewis added that he obtained the materials from the prison law library and had no notice that they were prohibited.[11] Lewis claims that Assistant Warden Landis rejected the grievance without conducting any investigation to

---

[6] Id. at 1.

[7] Id. at 1-2.

[8] Id.

[9] Id. at 2; Complaint, Docket Entry No. 1, p. 3.

[10] Step 2 Grievance, Docket Entry No. 1, p. 6.

[11] Id.

confirm that the confiscated materials were available from the law library.[12]

Lewis now seeks relief from his disciplinary conviction under 42 U.S.C. § 1983, asking the defendants to "expunge" the conviction from his record and restore his classification status.[13] Lewis contends that he had no notice that possessing UCC materials was prohibited by prison rules.[14] Lewis contends, therefore, that he was punished without due process because he did not know it was wrong to possess those materials.[15]

## II. Discussion

### A. Motion to Strike Plaintiff's Objection

At the court's request, defendants Landis, Smith, Werner, and Preischel filed Defendants' Original Answer and Jury Demand ("Defendants' Answer") (Docket Entry No. 14) in response to the Complaint. Lewis, who proceeds pro se, filed Plaintiff's Objection (Docket Entry No. 16). Noting that a party may not file a reply to an answer unless ordered by the court, see Fed. R. Civ. P. 7(a)(7), the defendants have filed Defendants' Motion to Strike (Docket Entry No. 18) because Plaintiff's Objection is not authorized.

---

[12]Complaint, Docket Entry No. 1, p. 3; Plaintiff's More Definite Statement, Docket Entry No. 9, p. 5.

[13]Complaint, Docket Entry No. 1, p. 4.

[14]Id.; Plaintiff's More Definite Statement, Docket Entry No. 9, pp. 2-3, 5.

[15]Id.

The Objection filed by Lewis does not take issue with the sufficiency of Defendants' Answer, but instead appears to raise legal arguments in support of his claims. Courts construe pleadings filed by pro se litigants under a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 92 S. Ct. 594, 596 (1972) (per curiam); see also Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) ("A document filed pro se is 'to be liberally construed[.]'") (quoting Estelle v. Gamble, 97 S. Ct. 285, 292 (1976)). To the extent that Lewis's Objection contains an argument that is relevant to his claims, the court will deny Defendants' Motion to Strike and will construe the Objection as a supplement to the Complaint.

B. Motion for Judgment on the Pleadings

The defendants have filed a Motion for Judgment on the Pleadings, which is governed by Rule 12(c) of the Federal Rules of Civil Procedure. A motion brought pursuant to Rule 12(c) is "designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 312 (5th Cir. 2002) (citing Hebert Abstract Co., Inc. v. Touchstone Properties, Ltd., 914 F.2d 74, 76 (5th Cir. 1990) (per curiam); 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1367, at 509-10 (1990)). The standard for deciding a

motion filed under Rule 12(c) is the same as the one governing motions filed under Rule 12(b)(6). See Great Plains Trust Co., 313 F.3d at 313 n.8 (citing 5A WRIGHT & MILLER, supra, § 1368 at 591 (Supp. 2002) ("A number of courts have held that the standard to be applied in a Rule 12(c) motion is identical to that used in a Rule 12(b)(6) motion." (footnote omitted)). Thus, "'the central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief.'" Great Plains Trust Co., 305 F.3d at 312.

As noted above, Lewis maintains that he was punished without due process because he had no advance notice that UCC materials were prohibited. The Fifth Circuit has held in a case involving the prohibition of UCC materials by TDCJ that "it is a violation of due process to punish inmates for acts which they could not have known were prohibited." Canady v. Davis, — F. App'x —, 2017 WL 1437267, *3 (5th Cir. April 24, 2017) (per curiam) (quoting Reeves v. Pettcox, 19 F.3d 1060, 1061 (5th Cir. 1994) (per curiam)). "'An inmate is entitled to prior notice, or "fair warning," of proscribed conduct before a severe sanction,' such as deprivation of good-time credits, may be imposed." Id. (quoting Adams v. Gunnell, 729 F.2d 362, 369 (5th Cir. 1984)).

The defendants argue that Lewis cannot state a violation of the Due Process Clause because, even assuming that he lacked adequate notice, he did not lose any good-time credit and none of the other punishment imposed as the result of his disciplinary

-6-

conviction implicated a constitutionally protected liberty interest. Prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. See Sandin v. Conner, 115 S. Ct. 2293, 2302 (1995). In Texas only those inmates who are eligible for the form of parole known as mandatory supervision have a constitutional expectancy of early release. See Malchi v. Thaler, 211 F.3d 953, 956 (5th Cir. 2000). As a result, a Texas prisoner cannot demonstrate a constitutional violation in the prison disciplinary context without first satisfying the following criteria: (1) he must be eligible for early release on mandatory supervision; and (2) the disciplinary conviction at issue must have resulted in a loss of previously earned good-time credit. See id. at 957-58.

Lewis concedes that he did not lose any good-time credit as the result of his conviction.[16] This is fatal to his due process claims. See id.

Although the disciplinary conviction at issue also resulted in a loss of privileges and affected his classification status, the Fifth Circuit has recognized that sanctions such as these, which are "merely changes in the conditions of [an inmate's] confinement," do not implicate due process concerns. Madison v.

---

[16]Plaintiff's More Definite Statement, Docket Entry No. 9, p. 2.

Parker, 104 F.3d 765, 768 (5th Cir. 1997). Limitations imposed on privileges are the type of sanctions that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life. See id. Likewise, reductions in a prisoner's custodial classification and the potential impact on good-time credit earning ability are too attenuated to be protected by the Due Process Clause. See Malchi, 211 F.3d at 958; Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995); Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995).

Because none of the punishment imposed implicates a constitutionally protected liberty interest, Lewis cannot establish a due process violation. Absent a constitutional violation, Lewis fails to overcome the defendants' assertion that they are entitled to qualified immunity from his claims. Lewis does not otherwise demonstrate that he has a valid claim for which relief may be granted under 42 U.S.C. § 1983. Accordingly, the defendants are entitled to judgment on the pleadings.

### III. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. Defendants' Motion to Strike Plaintiff's Objection to Defendants' Answer (Docket Entry No. 18) is **DENIED**.

2. Defendants' Motion for Judgment on the Pleadings (Docket Entry No. 19) is **GRANTED**.

3. The Prisoner Civil Rights Complaint filed under 42 U.S.C. § 1983 by Calvin Lewis is **DISMISSED with**

**prejudice** for failure to state a claim upon which relief may be granted.

4. Plaintiff's Motion for Appointment of Counsel (Docket Entry No. 15) is **DENIED as moot**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this 11th day of August, 2017.

SIM LAKE
UNITED STATES DISTRICT JUDGE